IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

      Petitioner,

vs.                                                                                  No. 1:21-cv-00659-KWR-KBM

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Petition for a Writ of Coram Nobis filed by Petitioner Michael James Nissen. (Doc. 1). The Court will dismiss the Petition without prejudice and enter final judgment.

Petitioner Michael James Nissen is a federal prisoner proceeding pro se. He filed his Petition for a Writ of Coram Nobis (Doc. 1) on July 16, 2021. In his Petition, Nissen asks the Court to review and to "reverse, remand, and remove" a Memorandum Opinion and Order entered by Judge James O. Browning in Nissen's 28 U.S.C. § 2255 proceeding in CV 21-00505 JB/SMV. (Doc. 1 at 1-4). Nissen contends that a writ of *coram nobis* may issue "to obtain review of a judgment for the purpose of correcting errors of fact in criminal as well as civil proceedings." (Doc. 1 at 1). Nissen objects to the Memorandum Opinion and Order entered in CV 21-00505 and seeks issuance of a *coram nobis* writ to correct Judge Browning's alleged errors of fact. (Doc. 1 at 2).

Nissen was charged in case No. CR 19-00077 JB. Following a jury trial, Nissen was convicted of two counts of Interstate Communication Containing Threat to Injure the Person of Another in violation 18 U.S.C. §875(c). *See* Verdict, filed August 7, 2019 (CR 19-00077 JB, Doc.

73). On June 1, 2021, Nissen filed a § 2255 motion, which raised a claim that he is "[b]eing denied due process of law and equal protection clauses of the Constitution." *See* § 2255 Motion CV 21-00505 JB/SMV, Doc. 1 at 4; CR 19-00077 JB, Doc. 188 at 4. Nissen sought to "vacate void judgment for being denied due process of law." *See* § 2255 Motion CV 21-00505 JB/SMV, Doc. 1 at 12; CR 19-00077 JB, Doc. 188 at 12. At the time the Motion was filed, Nissen had not been sentenced. The Court entered its Memorandum Opinion and Order dismissing the § 2255 Motion as premature because, although Nissen had been convicted, he was not currently "in custody under a sentence of a court established by Act of Congress" as required by § 2255(a). The Court also entered Final Judgment dismissing the § 2255 civil proceeding. (CV 21-00505 JB/SMV, Doc. 9).

On the same day that the Memorandum Opinion and Order and the Final Judgment were entered, Nissen mailed his Affidavit of Due Process of Law Violation for Excluding Movant From Proceedings on Ruling Dismissing 28 U.S.C. § 2255. (CV 21-00505 JB/SMV, Doc. 10 at 1, 5). The Affidavit was received the Court on July 6, 2021. (CV 21-00505 JB/SMV, Doc. 10 at 2). Nissen mailed a second Affidavit of Formal Objection of Memorandum Opinion of Order and Final Judgment on July 7, 2021. (CV 21-00505 JB/SMV, Doc. 11 at 1, 9). The second Affidavit was received by the Court on July 9, 2021. (CV 21-00505 JB/SMV, Doc. 11 at 2). Nissen then sent a Request of a Certificate of Appealability to the United States Court of Appeals for the Tenth Circuit. (CV 21-00505 JB/SMV, Doc. 12 at 3-9). That Request was transmitted to this Court by the Tenth Circuit as a misdirected notice of appeal. (CV 21-00505 JB/SMV, Doc. 12 at 1).

Nissen also filed a Notice of Appeal, appealing from his conviction and sentence in the criminal case. (CR 19-00077, JB Doc. 214). The Tenth Circuit determined that the criminal appeal was premature and ordered that proceeding held in abeyance until final judgment was entered in the criminal case. (CR 19-00077, JB Doc. 217). Final Judgment was entered on his criminal

2

conviction and sentence on August 27, 2021. (CR 19-00077 JB, Doc. 226). Nissen's direct appeal from the criminal conviction and sentence remains pending before the Tenth Circuit.

On September 20, 2021, the Tenth Circuit denied a certificate of appealability and dismissed Nissen's appeal of the decision that his § 2255 Motion was premature. (CV 21-00505 JB/SMV, Doc. 27). The Tenth Circuit attached a copy of Judge Browning's ruling to its Order, stating that "[f]or the reasons stated in the district court's Order, Defendant's appeal from dismissal thereof is similarly premature." (CV 21-00505, Doc. 27 at 2).

## Standards for a Writ of Error *Coram Nobis*

Writs of *coram nobis* originated in the common law courts of sixteenth-century England. *See United States v. Denedo*, 556 U.S. 904, 910 (2009). Contrary to Nissen's assertion that coram nobis may be used to correct errors in criminal and civil proceedings, a writ of coram nobis will not issue to afford him relief in this case. Although they serve some valid purposes in today's federal courts, writs of coram nobis provide only a limited remedy. *Id*. at 911. Courts may properly issue writs of *coram nobis* to correct factual errors about the validity of the proceeding. *United States v. Morgan*, 346 U.S. 502, 507 (1954). But a court should grant a writ of *coram nobis* sparingly—only in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Denedo,* 556 U.S. at 911 (quoting *Morgan*, 346 U.S. at 511). As recently stated by the Tenth Circuit "'it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate.'". *Chiquito v. United States*, No. 21-2056, 2021 WL 4497398, at *1–2 (10th Cir. Oct. 1, 2021) (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

A writ of *coram nobis* is an extraordinary remedy and relief is allowed only under compelling circumstances in order to achieve justice. *United States v. Morgan,* 346 U.S. 502, 511

(1948); *see also Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989) (Writ is available only to correct error that results in a complete miscarriage of justice.) Generally, courts will only issue the writ to correct errors of fact that, through no negligence on the part of the defendant, were not part of the original record and that would have prevented rendition of the judgment questioned. *See United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001). To be entitled to *coram nobis* relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which would probably have altered the outcome of the challenged proceeding had it been known. *Johnson,* 237 F.3d at 755.

Due to its exceptional nature, a petitioner must satisfy stringent criteria to obtain a writ of *coram nobis*. The petitioner must demonstrate that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him. *Klein,* 880 F.2d at 254. In addition, the prisoner must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255. J*ohnson,* 237 F.3d at 755; *Goldstein v. United States Parole Comm.,* 940 F. Supp. 1505, 1508 (C.D.Cal.1996). Finally, the writ is usually only applied in cases where the petitioner has served his sentence and is no longer in custody under the challenged sentence. *Johnson,* 237 F.3d at 755; *Igo v. United States,* 303 F.2d 317, 318 (10th Cir.1962).

The further a case progresses through the remedial steps available to a criminal defendant, the more stringent the requirements for vacating a final judgment. Thus, direct review affords the greatest latitude for review and an initial habeas petition is easier for a criminal defendant to litigate than a successive one. The writ of error *coram nobis* lies at the far end of the continuum. *United States v. George*, 676 F.3d 249, 258 (1st Cir. 2012). Tenth Circuit precedent imposes a bar to *coram nobis* relief "unless relief under 28 U.S.C. § 2255 was unavailable or would have been

4

inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). In other words, a claim pressed through a *coram nobis* petition is ordinarily barred if the petitioner previously raised the claim in a § 2255 motion but was unsuccessful or simply failed to pursue the claim under § 2255 when petitioner could have. *See United States v. Tarango*, 670 F. App'x 981, 981 (10th Cir. 2016) A writ of *coram nobis* may not be used to litigate issues that were or could have been raised on direct appeal or through collateral litigation, including a 28 U.S.C. § 2255 motion. A petition for writ of *coram nobis* must be rejected if the claim was raised or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence. *See United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019); *United States v. Swindall*, 107 F.3d 831, 836 n.7 (11th Cir. 1997); *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172–73 (8th Cir. 1996); *United States v. Bartlett*, Nos. 90-6345, 90-6351, 1990 WL 135645, at *1 n.* (4th Cir. Sept. 20, 1990).

Although he claims to seek review of the dismissal of his § 2255 Motion, Nissen's goal is to have the dismissal set aside so that he may proceed forward with a collateral challenge to his criminal conviction. Nissen is still very early in the proceedings on his conviction and sentence. His direct appeal is still pending and, once the direct appeal has been fully concluded, he may bring a § 2255 collateral attack. For the same reasons that his § 2255 motion was premature, his attempt to seek review by a writ of *coram nobis* is even more premature. *United States v. George*, 676 F.3d at 258.

The Tenth Circuit has concluded that Judge Browning's dismissal of Nissen's 2255 motion as premature was proper and declined to issue a certificate of appealability. (CV 21-00505 JB/SMV, Doc. 27). The Tenth Circuit stated "[f]or the reasons stated in the district court's Order, Defendant's appeal from dismissal thereof is similarly premature." (CV 21-00505, Doc. 27 at 2).

No exceptional circumstances exist that would warrant issuance of a writ of coram nobis to correct what the Tenth Circuit has already determined to be a correct ruling. *United States v. Morgan,* 346 U.S. at 511; 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2255 Proceedings. To the extent Nissen's Petition seeks review of the § 2255 proceedings in CV 21-00505 JB/SMV, *coram nobis* does not afford Nissen any relief in this case and he may not use the *coram nobis* remedy to circumvent the Tenth Circuit's affirmance of the dismissal of his § 2255 case. *United States v. Miles*, 923 F.3d at, 804.

Similarly, to the extent Nissen is ultimately an attempt to use a writ of *coram nobis* to collaterally attack his conviction and sentence in CR 19-00077 JB, like Nissen's § 2255 Motion, his Petition for a Writ of Coram Nobis is premature. (CV 21-00505 JB/SMV, Doc. 27). Therefore, the Court will dismiss the Petition without prejudice to a future *coram nobis* petition after Petitioner Nissen has exhausted his available direct appeal and § 2255 remedies.

**IT IS ORDERED** that the Petition for a Writ of Coram Nobis is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**